UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOSEPH L. GIAQUINTO, JR. :
    Plaintiff, :
  vs. : Civil No. 3:10-cv-114 (PCD)
:
DANBURY BOARD OF EDUCATION, :
    Defendant. :

**RULING ON MOTION TO DISMISS**

Plaintiff Joseph Giaquinto, Jr. brings this complaint against Defendant Danbury Board of Education ("Danbury BOE") alleging violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. Defendant moves to dismiss Plaintiff's complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted. For the reasons set forth below, Defendant's Motion to Dismiss [Doc. No. 9] is **granted**.

**I. BACKGROUND**

The following facts are recited according to the complaint. See Ashcroft v. Iqbal,129 S.Ct. 1937, 1949 (2009). Plaintiff was born in 1944 and was employed by Danbury BOE as an Assistant Principal at Rogers Park Middle School from 1974 until 2008. (Comp. ¶¶ 11, 16-17.) Prior to the 2007-2008 academic year, Plaintiff applied for a transfer to another school, Broadview Middle, operated by Defendant. Plaintiff requested the transfer because he was subjected to various forms of unfair treatment related to his age and Defendant's displeasure with his use of disability and medical leave during the preceding year. (Id. 18-20.) Because of an error, Plaintiff's salary agreement for the year erroneously indicated that Plaintiff would be

1

assigned to Broadview Middle. (Id. ¶ 23-24.) Once the error was discovered, Plaintiff requested, and was permitted, to apply for the transfer through the normal application process. (Id. ¶¶ 27-28.) Plaintiff was ultimately not chosen for the position at Broadview Middle. (Id. ¶ 29.)

After his application but prior to his rejection for the position at Broadview Middle, Plaintiff attended a workshop conducted by Defendant. During this workshop, Defendant's Superintendent of Schools "singled out the defendant's older administrators, stating '[y]ou older guys better get with the program, or you can just leave.'" (Id. ¶ 30.) From then until Plaintiff's "constructive discharge" in May 2008, Defendant, through its agents, conducted a course of age-motivated harassment intended to induce the Plaintiff to leave his position. (Id. ¶¶ 33-34.) This conduct included a letter from the Superintendent in which he warns Plaintiff that his actions could be considered insubordinate. (Pl. Ex. 6.) Because of the intolerable working conditions to which Defendant subjected Plaintiff, Plaintiff felt compelled to resign. (Compl. ¶ 37.) Plaintiff was replaced with a younger administrator. (Id. ¶ 84.)

## II. STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "is merely to assess the legal feasibility of the complaint, not to assay the weight of evidence which might be offered in support thereof." Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)). In ruling on a motion under Fed. R. Civ. P. 12(b)(6), the court may consider only "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." McCarthy v. Dun & Bradstreet Corp, 482 F.3d 184, 191 (2d Cir. 2007).

The district court may dismiss a claim under Fed. R. Civ. P. 12(b)(6) only if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

For the purposes of a Rule 12(b)(6) motion to dismiss, the court must take all of the factual allegations in the complaint as true. However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Although detailed factual allegations are not required, a plaintiff must provide the grounds of its entitlement to relief beyond mere "labels and conclusions." Bell Atlantic, 550 U.S. at 555.

## III. DISCUSSION

Plaintiff asserts that Defendants violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq, by "constructively discharging" him from his employment as an Assistant Principal. Defendant moves to dismiss on the basis that Plaintiff has failed to plead a prima facie case of termination of employment in violation fo the ADEA. To establish a prima facie case, a plaintiff must show (1) that he was within the protected age group, (2) that he was qualified for the job, (3) that he was discharged, and (4) that the discharge occurred under circumstances giving rise to an inference of age discrimination. See, e.g., Hollander v. American Cyanamid Co., 895 F.2d 80, 83 (2d Cir. 1990); Pena v. Brattleboro Retreat, 702 F.2d 322, 324 (2d Cir. 1983). A "discharge," in satisfaction of the third element of the prima facie case, may be either an actual termination of the plaintiff's employment or a "constructive" discharge. See, e.g.,

3

id. at 325; see also Lopez v. S.B. Thomas, Inc., 831 F.2d 1184, 1188 (2d Cir. 1987); Martin v. Citibank, N.A., 762 F.2d 212, 221 (2d Cir. 1985). To establish a "constructive discharge," a plaintiff must show that the employer " 'deliberately ma[de his] working conditions so intolerable that [he was] forced into an involuntary resignation.'" Pena v. Brattleboro Retreat, 702 F.2d at 325 (quoting Young v. Southwestern Savings & Loan Ass'n, 509 F.2d 140, 144 (5th Cir. 1975)). It is not sufficient that an employee feel that the quality of his work is being unfairly criticized or that the employee's working conditions were unpleasant or difficult, Stetson v. NYNEX Service Co., 995 F.2d 335, 360 (2d Cir. 1993); rather, the employer must have deliberately created working conditions so unpleasant or difficult that a reasonable person would have felt compelled to resign. Id.

In this case, the facts alleged by Plaintiff are insufficient to support a plausible claim that he was constructively discharged because of his age. The substantive facts alleged by Plaintiff are (1) he was denied a lateral transfer (2) the Superintendent of Schools had singled out the defendant's older administrators in a meeting, stating "[y]ou older guys better get with the program, or you can just leave," (Compl. ¶ 30), (3) the Superintendent warned him, in writing, that his reluctance to perform certain job responsibilities and his "antagonistic and disrespectful statements" to the Assistant Superintendent could be considered insubordinate (Pl. Ex. 6), and (4) after he resigned, he was replaced by a younger administrator. Examining these facts in the light most favorable to the plaintiff, Plaintiff has failed to plead factual content that would enable this Court to draw the reasonable inference that Defendant conducted a constructive discharge. In the complaint, Plaintiff makes several conclusory statements about unfair treatment, harassment and impossible working conditions, but the statements are not supported by factual

4

allegations. Although the statement allegedly made by the Superintendent to the defendant's older administrators smacks of an age oriented attitude, such an isolated statement is insufficient to demonstrate working conditions so unpleasant or difficult that a reasonable person would have felt compelled to resign. Since Plaintiff fails to adequately plead a prima facie case of termination of employment in violation of the ADEA, Defendant's motion to dismiss for failure to state a claim is **granted**.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss [Doc. No. 9] is **granted.**

SO ORDERED.

Dated at New Haven, Connecticut, November  15 , 2010.

/s/

Peter C. Dorsey, U.S.D.J.